Affirmed and Memorandum Opinion filed May 28, 2009








Affirmed and Memorandum Opinion filed May 28, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00772-CR

____________

 

HECTOR MANUEL VEGA, Appellant

 

V.

 

THE STATE OF TEXAS , Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1085979

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Hector Manuel Vega, was found guilty by a jury
of criminally negligent homicide for which he was sentenced to eight years in
prison, fully probated.  Less than a year later, the State filed a motion to
revoke appellant=s probation, alleging that appellant
violated three conditions of his probation.  After a hearing, the trial court
found the State=s allegations true, revoked appellant=s probation, and
sentenced him to eight years in prison.  Contending that he received
ineffective assistance of counsel at the revocation hearing, appellant now
challenges the judgment revoking his probation and the denial of his motion for
new trial.  We affirm. 








I.  BACKGROUND

In January 2007, appellant was indicted for criminally
negligent homicide.[1] 
Appellant pleaded not guilty, and the case was tried before a jury.  Appellant
was found guilty of criminally negligent homicide and sentenced to eight years
in prison.  Appellant=s sentence was fully suspended, and he was
placed on probation for eight years.  Among the terms and conditions of his
probation, appellant was required to: (1) Acommit no offense
against the laws of this or any other state or the United States@; (2) submit a
letter of apology by November 6, 2007; and (3) Asubmit to an
evaluation of [his] educational skill level@ by November 27,
2007.

Thereafter, appellant was suspected of misdemeanor drag
racing.  On February 19, 2008, Deputy Hernandez of the Harris County Sheriff=s Department
observed appellant and another motorist driving their respective vehicles on a
portion of the Gulf Freeway that is known for drag racing.  Deputy Hernandez
observed appellant pull next to the other motorist and rev his engine twice, which
is known to be a signal to race.  Deputy Hernandez then observed appellant
drastically accelerate his speed and clocked appellant at 95 miles per hour. 
Moments later, Deputy Hernandez stopped appellant and arrested him for racing
on a public highway.  Appellant was ultimately charged in cause number 1509368
with misdemeanor drag racing.  








After appellant=s arrest, the
State filed a motion to revoke appellant=s probation,
alleging that appellant: (1) committed the criminal offense of drag racing; (2)
failed to submit a letter of apology by November 6, 2007; and (3) failed to
submit to an evaluation of his educational skill level by November 27, 2007. 
Appellant pleaded Anot true@ to the State=s allegations.  

On April 21, 2008, the trial court held a hearing on the
State=s revocation
motion.  With respect to the racing allegations, Deputy Hernandez testified
that he observed appellant pull next to another motorist, rev his engine twice
in an effort to initiate a drag race, and then  accelerate to speeds as high as
95 miles an hour.  Suspecting that appellant was participating in a drag race,
Deputy Hernandez stopped appellant and ultimately arrested him for racing on a
public highway.  The State also introduced appellant=s probation file
and the testimony of Karen Bolton, appellant=s probation
officer.  Bolton testified that appellant had failed to properly submit a
letter of apology by November 6, 2007.  Bolton further testified that there was
no certificate or other verification in appellant=s probation file
reflecting that he had submitted to or completed an evaluation of his
educational skill level.       

Appellant and Daniel Bustos, the other motorist
participating in the alleged drag race, also testified at the revocation
hearing.  Appellant testified that although he was driving on the freeway on
the day in question, he was not drag racing.  Appellant testified that he
pulled next to Bustos and tried to get his attention to tell Bustos about his
recent engagement.  Bustos corroborated appellant=s testimony,
testifying that appellant was not racing,  but merely attempting to speak with
him while the two men were driving on the freeway.  Appellant further testified
that he had completed the required educational evaluation and had timely
submitted his letter of apology to his probation officer.  








After considering the evidence, the trial court orally
found each of the State=s allegations true.  The trial court
further explicitly found in its judgment revoking community supervision that
appellant had violated the following conditions of his probation: (1) commit no
offense against the laws of this or any other state or of the United States;
(2) write a letter of apology by November 6, 2007; and (3) submit to an
evaluation of appellant=s educational skill level by November 27,
2007.  The trial court revoked appellant=s probation,
sentenced him to prison for eight years, and assessed an $8,000 fine.[2] 
Thereafter, appellant filed a motion for new trial, arguing that he received
ineffective assistance of counsel because his attorney failed to secure the
testimony of two additional witnesses to the alleged racing incident.  The
trial court denied the motion without a hearing.  

In two issues, appellant contends that he received
ineffective assistance of counsel at the revocation hearing.  In his first
issue, appellant argues that counsel was ineffective because he failed to
subpoena two witnesses and failed to advise the trial court of particular notations
made in his probation file relevant to his letter of apology and the
educational evaluation.  In his second issue, appellant contends that the trial
court abused its discretion in denying his motion for new trial for the same
reasons articulated in his first issue. 

II.  STANDARDS OF REVIEW

A probation revocation proceeding is neither a criminal nor
civil trial, but an administrative hearing.  See Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).  Although the proceeding is
administrative in nature, a probationer has the right to be assisted with
effective counsel.  Hill v. State, 480 S.W.2d 200, 203 (Tex. Crim. App.
1971) (op. on reh=g); Chetwood v. State, 31 S.W.3d
368, 370 (Tex. App.CSan Antonio 2000, pet. ref=d).  To prove
ineffective assistance of counsel, appellant must show by a preponderance of
the evidence that: (1) his counsel=s performance was
deficient because it fell below an objective standard of reasonableness; and
(2) there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have been different.  Strickland v.
Washington, 466 U.S. 668, 687 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005). 








There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We also indulge a strong presumption that counsel=s actions were
motivated by sound trial strategy, and we will not conclude that the action was
deficient unless it was so outrageous that no competent attorney would have
engaged in such conduct.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001) (quoting Strickland, 466 U.S. at 687).  We look to the
totality of the representation and not to isolated instances of error or to
only a portion of the proceedings.  Thompson, 9 S.W.3d at 813;
Rivera-Reyes v. State, 252 S.W.3d 781, 788B89 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  In the absence of evidence regarding counsel=s reasons for the
challenged conduct, the record on direct appeal is simply undeveloped and
cannot adequately reflect the alleged failings of trial counsel.  Freeman v.
State, 125 S.W.3d 505, 506B507 (Tex. Crim. App. 2003).

Furthermore, an appellate court reviews a trial court=s denial of a
motion for new trial under an abuse-of-discretion standard.  Holden v. State,
201 S.W.3d 761, 763 (Tex. Crim. App. 2006);  Salazar v. State, 38 S.W.3d
141, 148 (Tex. Crim. App. 2001).  We do not substitute our judgment for that of
the trial court, but rather decide whether the trial court=s decision was
arbitrary or unreasonable.  Holden, 201 S.W.3d at 763.  The trial court
abuses its discretion in denying a motion for new trial only when no reasonable
view of the record would support the trial court=s ruling.  See
State v. Herndon, 215 S.W.3d 901, 906B07 (Tex. Crim.
App. 2007); Holden, 201 S.W.3d at 763.

III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant claims in both of his appellate issues that he
received ineffective assistance of counsel in two respects: (1) trial counsel
failed to subpoena two witnesses, Ashley and Joanna Sarabia, for the revocation
hearing; and (2) trial counsel failed to advise the trial court of particular
notations made in his probation file relevant to his letter of apology and the
educational evaluation. 








A.  Failure to Subpoena Witnesses

To overcome the presumption of effective assistance,
appellant primarily relies on the three affidavits attached to his motion for
new trial.  However, ineffective assistance of counsel claims must be firmly
founded in the record, and the mere filing of a motion for new trial with
affidavits is not evidence.  See Lamb v. State, 680 S.W.2d 11, 13 (Tex.
Crim. App. 1984); Burrus v. State, 266 S.W.3d 107, 112 (Tex. App.CFort Worth 2008,
no pet.).  To constitute evidence, the affidavit must be introduced as
evidence at an evidentiary hearing on the motion.  McIntire v. State,
698 S.W.2d 652, 658 (Tex. Crim. App. 1985); State v. Krueger, 179 S.W.3d
663, 667 (Tex. App.CBeaumont 2005, no pet.); Jackson v. 
State, 139 S.W.3d 7, 20 (Tex. App.CFort Worth 2004,
pet. ref=d); Martins v.
State, 52 S.W.3d 459, 468 (Tex. App.CCorpus Christi
2001, no pet.).  Moreover, it is the movant=s burden to secure
such evidentiary hearing.  See McIntire, 698 S.W.2d at 658; Burrus,
266 S.W.3d at 115.    

Although appellant in this case timely filed a motion for
new trial, no hearing was held on the motion, and appellant did not otherwise
attempt to offer the affidavits as evidence to the trial court.  Additionally,
appellant does not argue that failure to grant a hearing on the motion was
reversible error.  Consequently, we have no authority to consider the
affidavits as evidence in support of appellant=s ineffective
assistance claim and therefore do not consider them.  See Jackson, 139
S.W.3d at 20B21. 








The remaining record does not support appellant=s claim of
ineffective assistance.  The record does not reflect whether the witnesses were
available.  See Wade v. State, 164 S.W.3d 788, 796 (Tex. App.CHouston [14th
Dist.] 2005, no pet.) (AA claim of ineffective assistance of
counsel based on counsel=s failure to call witnesses fails in the
absence of a showing that such witnesses were available to testify and that the
defendant would have benefitted from their testimony.@).  Furthermore,
the record is silent as to trial counsel=s strategy
regarding the subpoenaing of the witnesses.  See Smith v. State, 84
S.W.3d 36, 42 (Tex. App.CTexarkana 2002, no pet.) (AWithout evidence
of the strategy and methods involved concerning counsel=s actions . . .,
the court will presume sound trial strategy.@); Stults v.
State, 23 S.W.3d 198, 208 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d) (reasoning that an appellant cannot
meet his burden in an ineffective assistance challenge if the record does not
specifically address the reasons for trial counsel=s failure).  

Because appellant failed to secure a hearing and introduce
competent evidence, the record is simply undeveloped, and his allegations of
ineffectiveness are not firmly founded in the record.   See Freeman, 125
S.W.3d at 506B507; Thompson, 9 S.W.3d at 813.  The Court of
Criminal Appeals has repeatedly cautioned appellate courts to be especially
hesitant to declare counsel ineffective based upon a single alleged
miscalculation during what amounts to otherwise satisfactory representation,
especially when the record provides no discernible explanation of the
motivation behind counsel=s actions.  Thompson, 9 S.W.3d at
814.  On this silent record, appellant has not overcome the strong presumption
that counsel=s conduct fell within the wide range of reasonable
professional assistance.[3] 
Accordingly, we conclude that trial counsel=s failure to
subpoena Ashley and Joanna Sarabia does not support a claim of ineffective
assistance of counsel, and the trial court did not abuse its discretion in
denying appellant=s motion for new trial on this basis.

B.  Advising the Trial Court of Particular Evidence in
Appellant=s Probation File








Appellant also argues that trial counsel failed to draw the
trial court=s attention to specific evidence in his probation file
proving that he had timely submitted the letter of apology and had completed
the educational evaluation.  Specifically, appellant argues that trial counsel
should have advised the trial court of a notation made by his first probation
officer, Cindy Nguyen, indicating, AClient submitted
letter of apology@ at his November 6, 2007 office visit. 
Appellant further claims that trial counsel should have drawn the trial court=s attention to
portions of the probation file specifically reflecting that appellant had
completed an educational evaluation and was enrolled in college.  According to
appellant, such omissions rendered trial counsel=s conduct
ineffective.  

We first note that although appellant=s motion for new
trial raises ineffective assistance of counsel, neither the motion nor the
submitted affidavits address trial counsel=s failure to
advise the trial court of these particular portions of the probation file.[4] 
Moreover, appellant=s probation file was admitted as evidence
at the revocation hearing, and the judgment revoking community supervision
reflects that the trial court considered Athe evidence submitted@ and Athe record.@  Appellant does
not direct us to any portion of the record that undermines the judgment=s recitations,
reflecting consideration as evidence of appellant=s complete
probation file, which contains Nguyen=s statements and
all other portions of the file relevant to the educational evaluation
requirement.  Accordingly, the record reflects that the trial court was aware
of and considered this evidence.  See McCluskey v. State, 64 S.W.3d 621,
624 (Tex. App.CHouston [1st Dist.] 2001, no pet.). 








Furthermore, trial counsel introduced a document from the
probation department stating that appellant completed the AState
Mandated/CJAD Standard: Education Skill Level@ in October 2007. 
Trial counsel also elicited testimony from appellant that he timely submitted
his letter of apology and timely completed the educational evaluation.  With
the foregoing evidence, trial counsel might have made the strategic decision
not draw further attention to evidence already admitted and considered by the
court in addition to appellant=s corroborating testimony.  Still, we
cannot speculate as to trial counsel=s motives in the
face of a silent record.  Stults, 23 S.W.3d at 208 (reasoning that an
appellant cannot meet his burden in an ineffective assistance challenge if the
record does not specifically address the reasons for trial
counsel=s failure). 
Appellant has not overcome the strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  See id.  Accordingly,
we conclude that trial counsel=s failure to advise the trial court of
particular evidence in appellant=s probation file
does not support a claim of ineffective assistance of counsel.

We overrule appellant=s first and second issues. 
Furthermore, we affirm the judgment revoking appellant=s probation and the trial court=s order denying appellant=s motion for new trial.  

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The indictment alleged that on May 21, 2006,
appellant Aunlawfully cause[d] the death of [complainant, a
child,] by criminal negligence, namely by failure to control speed, failure to
keep a proper lookout, and failure to maintain a single lane of traffic . . .
[and] used and exhibited a deadly weapon, namely, a MOTOR VEHICLE during the
commission . . . therefrom.@  The State
alleged that the complainant=s mother was
driving on the Gulf Freeway when appellant, driving at a speed almost twice the
posted limited, collided with their car, killing the complainant, an
eight-month-old child.  





[2]  The day after the trial court revoked appellant=s probation, he pleaded guilty to the underlying
misdemeanor racing offense in County Criminal Court at Law No. 14.  In cause
number 14-08-00572-CR, appellant also appeals his guilty plea in the
misdemeanor case. 





[3]  Because appellant has failed to demonstrate that
trial counsel=s performance fell below an objective standard of reasonableness
under the first Strickland prong, we need not consider the second
prong.  See Garcia, 57 S.W.3d at 440 (Aan appellant=s failure to satisfy one prong of the Strickland
test negates a court=s need to consider the other prong@).





[4]  In his motion for new trial, appellant argued
ineffective assistance only with respect to subpoenaing Ashley and Joanna.  He
did not additionally argue that trial counsel was ineffective for failing to
draw the court=s attention to these particular portions of the
probation file.  Accordingly, to the extent that appellant contends that the
trial court erroneously denied his motion for new trial on the basis that
counsel failed to advise the trial court of these portions of the probation
file, we overrule his argument.