COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-279-CR

 

 

ZACHARY STEPHEN ARNOLD                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Zachary Stephen Arnold was convicted of
aggravated robbery with a deadly weapon. 
In his sole point on appeal, he complains that the trial court abused
its discretion by failing to hold a hearing on his motion for new trial.  Specifically, Arnold contends that because
his motion and supporting affidavits alleged that he was denied effective
assistance of counsel, the trial court should have held a hearing on his motion
to allow him to develop the record.  We
will affirm.

Arnold pleaded guilty to aggravated robbery with
a deadly weapon and was sentenced to seven years=
imprisonment.  Following the sentencing
hearing, Arnold filed a motion for new trial.[2]  Arnold also filed two affidavits to support
his motion.  The trial court did not
grant a hearing on his motion for new trial, and it was overruled by operation
of law.  See Tex. R. App. P.
21.8(c).








A defendant has a right to a hearing on a motion
for new trial when the motion raises matters that cannot be determined from the
record.  Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993). 
However, the trial court is under no requirement to conduct a hearing if
the motion for new trial is not presented in a timely manner.  Tex. R. App. P. 21.6; Rozell v. State,
176 S.W.3d 228, 230 (Tex. Crim. App. 2005). 
A defendant must present the motion for new trial to the trial court
within ten days of filing it.  Tex. R.
App. P. 21.6.  The purpose of the
presentment rule is Ato put the trial court on actual
notice that a defendant desires the trial court to take some action on the
motion for new trial such as a ruling or a hearing on it.@  Stokes v. State, 277 S.W.3d 20, 21
(Tex. Crim. App. 2009) (quoting Carranza v. State, 960 S.W.2d 76, 78
(Tex. Crim. App. 1998)).

Examples of presentment include obtaining the
trial court=s ruling on the motion for new
trial, the judge=s signature or notation on a
proposed order, or a hearing date on the docket sheet.  Carranza, 960 S.W.2d at 79; Burrus
v. State, 266 S.W.3d 107, 115 (Tex. App.CFort
Worth 2008, no pet.).  The defendant
bears the burden of presentment; he must ensure such a notation on a proposed
order or a setting of a hearing.  Burrus,
266 S.W.3d at 115.  The filing of a
motion for new trial alone is not sufficient to show presentment.  Stokes, 277 S.W.3d at 21.













In this case, Arnold timely filed his motion for
new trial, but there is no ruling on the motion, no proposed order containing
the judge=s signature or notation, and no
notation on the docket sheet of a hearing date set on the motion.  See Carranza, 960 S.W.2d at 79; Burrus,
266 S.W.3d at 115.  An unsigned document
exists in the record titled, AAcknowledgment
of Presentment of Motion for New Trial,@ which
Arnold filed with his motion for new trial, as well as a notation on the docket
sheet stating that the motion for new trial was filed.  But an unsigned certificate of presentment
and the filing of a motion for new trial have been held insufficient to
establish presentment under Texas Rule of Appellate Procedure 26.1.  See Burrus, 266 S.W.3d at 115 (holding
that statement in motion for new trial titled, ACertificate
of Presentment,@ and notation in docket sheet
stating that motion was filed were insufficient evidence to establish
presentment); Cozzi v. State, 160 S.W.3d 638, 641 n.5 (Tex. App.CFort
Worth 2005, pet. ref=d) (stating that docket sheet
entry indicating that Amotion for new trial filed@ is
insufficient to show presentment); Longoria v. State, 154 S.W.3d 747,
762 (Tex. App.CHouston [14th Dist.] 2004, pet.
ref=d)
(holding that statement in record ANotice
of Presentment of Motion for New Trial@ is
insufficient to show presentment).  In
short, the record does not reflect that Arnold presented his motion for new
trial to the trial court and, in fact, he does not argue on appeal that he did
present his motion for new trial.  See
Stokes, 277 S.W.3d at 21; Carranza, 960 S.W.2d at 78 (stating that
appellant failed to >present= motion
for new trial because nothing in the record showed that the trial court was put
on actual notice of the motion).  Thus,
because Arnold did not present his motion for new trial to the trial court, we
hold that the trial court did not abuse its discretion by not conducting a
hearing on his motion for new trial.  See
Carranza, 960 S.W.2d at 78B79
(stating that a trial court should not be reversed on appeal on a matter never
brought to the trial court=s
attention).  We overrule Arnold=s sole
point.

Having overruled Arnold=s sole
point, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: CAYCE, C.J.;
LIVINGSTON and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 18, 2009











[1]See Tex. R. App. P. 47.4.





[2]Arnold contends on appeal
that he asserted in his motion that he was denied effective assistance of
counsel, which rendered his plea involuntary. 
To the contrary, Arnold=s motion for new trial alleged that (1) the
judgment was contrary to the law and the evidence; (2) his plea was involuntary
and his sentence was excessive, with no mention of ineffective assistance; and
(3) newly discovered evidence warranted a new trial.