

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-08-279-CR

---

ZACHARY STEPHEN ARNOLD                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Zachary Stephen Arnold was convicted of aggravated robbery with a deadly weapon.  In his sole point on appeal, he complains that the trial court abused its discretion by failing to hold a hearing on his motion for new trial.  Specifically, Arnold contends that because his motion and supporting affidavits alleged that he was denied effective assistance of counsel, the trial

---

[1] *See* Tex. R. App. P. 47.4.

court should have held a hearing on his motion to allow him to develop the record. We will affirm.

Arnold pleaded guilty to aggravated robbery with a deadly weapon and was sentenced to seven years' imprisonment. Following the sentencing hearing, Arnold filed a motion for new trial.[2] Arnold also filed two affidavits to support his motion. The trial court did not grant a hearing on his motion for new trial, and it was overruled by operation of law. *See* Tex. R. App. P. 21.8(c).

A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). However, the trial court is under no requirement to conduct a hearing if the motion for new trial is not presented in a timely manner. Tex. R. App. P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). A defendant must present the motion for new trial to the trial court within ten days of filing it. Tex. R. App. P. 21.6. The purpose of the presentment rule is "to put the trial court on actual

---

[2] Arnold contends on appeal that he asserted in his motion that he was denied effective assistance of counsel, which rendered his plea involuntary. To the contrary, Arnold's motion for new trial alleged that (1) the judgment was contrary to the law and the evidence; (2) his plea was involuntary and his sentence was excessive, with no mention of ineffective assistance; and (3) newly discovered evidence warranted a new trial.

notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it." *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (quoting *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998)).

Examples of presentment include obtaining the trial court's ruling on the motion for new trial, the judge's signature or notation on a proposed order, or a hearing date on the docket sheet. *Carranza*, 960 S.W.2d at 79; *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.). The defendant bears the burden of presentment; he must ensure such a notation on a proposed order or a setting of a hearing. *Burrus*, 266 S.W.3d at 115. The filing of a motion for new trial alone is not sufficient to show presentment. *Stokes*, 277 S.W.3d at 21.

In this case, Arnold timely filed his motion for new trial, but there is no ruling on the motion, no proposed order containing the judge's signature or notation, and no notation on the docket sheet of a hearing date set on the motion. *See Carranza*, 960 S.W.2d at 79; *Burrus*, 266 S.W.3d at 115. An unsigned document exists in the record titled, "Acknowledgment of Presentment of Motion for New Trial," which Arnold filed with his motion for new trial, as well as a notation on the docket sheet stating that the motion for new trial was filed. But an unsigned certificate of presentment and the filing

3

of a motion for new trial have been held insufficient to establish presentment under Texas Rule of Appellate Procedure 26.1. *See Burrus*, 266 S.W.3d at 115 (holding that statement in motion for new trial titled, "Certificate of Presentment," and notation in docket sheet stating that motion was filed were insufficient evidence to establish presentment); *Cozzi v. State*, 160 S.W.3d 638, 641 n.5 (Tex. App.—Fort Worth 2005, pet. ref'd) (stating that docket sheet entry indicating that "motion for new trial filed" is insufficient to show presentment); *Longoria v. State*, 154 S.W.3d 747, 762 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (holding that statement in record "Notice of Presentment of Motion for New Trial" is insufficient to show presentment). In short, the record does not reflect that Arnold presented his motion for new trial to the trial court and, in fact, he does not argue on appeal that he did present his motion for new trial. *See Stokes*, 277 S.W.3d at 21; *Carranza,* 960 S.W.2d at 78 (stating that appellant failed to 'present' motion for new trial because nothing in the record showed that the trial court was put on actual notice of the motion). Thus, because Arnold did not present his motion for new trial to the trial court, we hold that the trial court did not abuse its discretion by not conducting a hearing on his motion for new trial. *See Carranza,* 960 S.W.2d at 78–79 (stating that a trial court should not be reversed on appeal on a

4

matter never brought to the trial court's attention).  We overrule Arnold's sole point.

Having overruled Arnold's sole point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2009