

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-251-CR**
**NO. 2-07-252-CR**

SABRINA BURRUS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Sabrina Burrus entered open pleas of guilty to the charged offenses of bribery and theft of stolen property of between $100,000 and $200,000 by a public servant. The trial court sentenced Burrus to thirty-five years' confinement on the theft charge and ten years' confinement on the

------------

[1] *See* TEX. R. APP. P. 47.4.

bribery charge.  In three issues, Burrus argues that her trial counsel was ineffective, that the trial court erred by not setting an evidentiary hearing on her motion for new trial, and that the evidence is factually insufficient to support her punishment.  We will affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Burrus started a business to assist automobile dealerships with the process of transferring titles.  Deputized as a tax assessor/collector in Tarrant County, she contracted with dealerships for a fee to facilitate the title transfer process.  Burrus's role was "to go from dealer to dealer and make things go quicker and smoother as opposed to the dealers having to track all the way to the courthouse" to conduct title work.  By 2000, her business had expanded to include approximately twenty-five employees.

Burrus's business experienced a downturn in late 2001.  In order to cover expenses, she began utilizing funds that she had received from car dealerships to pay business and personal expenses.  In 2003, the Tarrant County Tax Assessor's office received a number of hot checks from Burrus's business, the office began receiving complaints that she was not completing her work timely, and some of the work that Burrus turned in to the Tax Assessor's office—consisting primarily of paperwork for the transfer of automobile titles—did not have any funds attached to it.  Thereafter, it was discovered that

2

approximately $660,000 in hot checks accompanied title work processed by Burrus. Authorities discovered an additional $100,000 in checks with insufficient funds and paperwork with no checks at Burrus's office. Tarrant County consequently paid $767,089.26 to cover the funds that Burrus had misappropriated.

After the trial court accepted Burrus's plea, a pre-sentence investigation report was prepared, and the trial court conducted a hearing on Burrus's punishment after receiving exhibits and testimony from the State regarding the charged offenses. Eleven witnesses testified on Burrus's behalf, and Burrus also testified. After sentencing, Burrus filed a motion for new trial, arguing that she was denied effective assistance of counsel. The record does not show that a hearing was held on the motion for new trial, which was overruled by operation of law.

### III. INEFFECTIVE ASSISTANCE

In her first issue, Burrus argues that her trial counsel was ineffective because he failed to seek a hearing on any pre-trial motion, failed to properly investigate the case, failed to fully explain the terms of a plea offer from the state and the option of having a jury determine punishment, failed to perform any investigation prior to the punishment hearing, and failed to file a motion for

3

new trial. Burrus also contends that the cumulative effect of trial counsel's deficiencies denied her a fair trial.

## A.    Standard of Review

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that her counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740;

4

*Mallett*, 65 S.W.3d at 63.  As we have stated many times, a reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  *Thompson*, 9 S.W.3d at 813–14.  "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."  *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."  *Id.* (quoting *Thompson*, 9 S.W.3d at 813).  It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record.  *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  The ultimate

5

focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

**B.    Hearing on Pre-trial Motions**

Burrus argues that her trial counsel was ineffective because he never sought a hearing on any pre-trial motion that he filed. The record, however, does not provide any explanation demonstrating why trial counsel did not seek a hearing on the pre-trial motions. Burrus's allegation of ineffectiveness is therefore not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813. Because the record fails to demonstrate trial counsel's alleged ineffectiveness for failing to seek a hearing on the pre-trial motions that he filed, this allegation of ineffectiveness fails under the first *Strickland* prong.

**C.    Failure to Investigate Case**

Burrus argues that her trial counsel was ineffective because he did not properly investigate the case. Relying on contentions raised in her affidavit attached to her motion for new trial, Burrus contends, among other things, that trial counsel "waited to the very last minute to discuss" the case with her and that he "was not interested in the in-depth facts of Appellant's case." Burrus attached six other affidavits to her motion for new trial.

A motion for new trial is not self-proving. *Lamb v. State*, 680 S.W.2d 11, 13 (Tex. Crim. App. 1984), *cert. denied*, 470 U.S. 1009. During a hearing

6

on a motion for new trial, a trial court may receive evidence by affidavits. *Godoy v. State*, 122 S.W.3d 315, 319 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). An affidavit attached to the motion, however, is merely "a pleading that authorizes the introduction of supporting evidence" and is not evidence itself. *Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd). To constitute evidence, the affidavit must be introduced as evidence at the hearing on the motion. *Id*.

Here, the record does not show that a hearing was held on Burrus's motion for new trial, which was filed by Burrus's appellate counsel, not her trial counsel. Consequently, to the extent Burrus relies on the affidavits attached to her motion for new trial as evidence supporting her ineffective assistance claims, the affidavits are not evidence because they were never introduced as evidence at a hearing on her motion for new trial. *See id*. at 21.

What evidence there is in the record relating to trial counsel's investigation of the case does not support Burrus's claim of ineffectiveness. The following exchange occurred between Burrus and her trial counsel:

> [Trial counsel]: We came up here and we were discussing our options as we've done before. And before that we had met in my office to discuss potential witnesses that we would need, possible expert witnesses that could talk about the industry in which this all occurred in, the standard practices, that sort of thing?
>
> [Burrus]: Yes, sir.

7

[Trial counsel]: As well as bookkeeping, character witnesses, all kinds of witnesses?

[Burrus]: Yes, sir.

[Trial counsel]: As well as we scheduled appointments for me to go look at documents that the Tarrant County DA's office had in regards to this case. And I just wanted to ask you to make sure everyone is clear that your decision to plead guilty today and ask for this PSI was basically your idea; do you agree with that?

[Burrus]: Yes, sir.

[Trial counsel]: I had told you that I felt prepared to go to trial. All we had to do was put in the time, get our witnesses together and we were ready to go?

[Burrus]: Yes, sir.

[Trial counsel]: And you are not pleading guilty here today because you somehow felt unprepared to go to trial; do you agree with that?

[Burrus]: Yes, sir.

[Trial counsel]: But instead you told me basically, you know, I did this, I handed it to them, meaning that you had told them what you had done, you brought all these documents to the Tarrant County auditor and you're guilty; do you agree with that?

[Burrus]: Yes, sir.

[Trial counsel]: And is there anything that you had wanted me to do that I didn't or did do that you didn't want me to do or are you dissatisfied in any way with what I've done with your case?

[Burrus]: No, sir.

8

[Trial counsel]: And are we doing exactly what you want to do today by entering this open plea and requesting the PSI?

[Burrus]: Yes, sir.

Thus, the evidence in the record relating to Burrus's claim that trial counsel was ineffective for failing to properly investigate the case indicates that trial counsel felt prepared to go to trial and that Burrus did not plead guilty because she felt unprepared to go to trial. As above, Burrus's allegation of ineffectiveness is therefore not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813. Because the record fails to demonstrate trial counsel's alleged ineffectiveness for failing to properly investigate the case, this allegation of ineffectiveness fails under the first *Strickland* prong.

### D. Failure to Fully Explain Plea Offer

Burrus argues that her trial counsel was ineffective because he failed to fully explain a plea offer made by the State and failed to give her adequate time before trial to consider the offer. She also seems to contend that trial counsel was ineffective because he never explained that she could have elected to have a jury assess her punishment.

Burrus relies solely on her affidavit as evidence of trial counsel's alleged ineffectiveness, but as explained above, her affidavit is not evidence supporting her ineffectiveness claims. *See Jackson*, 139 S.W.3d at 21. There is also

9

nothing in the record, including in the punishment hearing, concerning what trial counsel did or did not explain regarding a plea offer made by the state, the amount of time that Burrus had to accept or reject the alleged offer, or the circumstances surrounding the option of having a jury assess punishment. Burrus did, however, affirm by her signature on the written plea admonishments that she was "totally satisfied with representation given me by my counsel." Burrus does not assert that trial counsel failed to inform her of the State's proposed plea offer. Burrus's allegations of ineffectiveness are therefore not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813. Because the record fails to demonstrate trial counsel's alleged ineffectiveness for failing to fully explain the plea offer, this allegation of ineffectiveness fails under the first *Strickland* prong.

### E.    Punishment Hearings

Burrus argues that trial counsel was ineffective because he failed to perform any investigation prior to the punishment hearing. Specifically, regarding the hearing in which the trial court accepted testimony and exhibits on the open pleas, Burrus complains that trial counsel was ineffective because he did not know who the State was going to call as witnesses, he only asked Betsy Price, the Tarrant County Tax Assessor/Collector, six questions, he did not ask Julie Hillhouse, the Senior Internal Auditor for the Tarrant County

10

Auditor's Office, any questions, he only asked Phillip Morris, the forensic financial analyst for the Tarrant County District Attorney's Office, nine questions, he did not invoke the "Rule," he did not object to any evidence offered by the State, and he did not object to an improper predicate laid by the state for the introduction of a transcript of a taped conversation.

The record is silent as to why trial counsel asked Price only six questions, asked Hillhouse no questions, asked Morris only nine questions, did not invoke the "Rule," did not object to any evidence offered by the State, and did not object to an improper predicate for the admission of a taped conversation. The record thus does not adequately reflect the motives behind trial counsel's actions, and we will not infer ineffective assistance based upon unclear portions of the record. *See Mata*, 226 S.W.3d at 432. Moreover, Burrus has not demonstrated that a reasonable probability exists that her punishment would have been different had trial counsel—at the hearing on the open pleas—asked more questions, invoked the "Rule," objected to some or all of the State's evidence, and objected to an improper predicate. *See Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. These allegations of ineffectiveness fail under the first and second *Strickland* prongs.

Regarding the sentencing hearing, Burrus additionally argues that trial counsel was ineffective because he asked Burrus to write down questions to

11

ask the witnesses, he did not interview the witnesses who testified at punishment, and he failed to call expert witnesses to refute the testimony of the State's witnesses.

The record shows that trial counsel called twelve witnesses, including Burrus, to testify on Burrus's behalf. Trial counsel propounded many questions throughout the hearing inquiring into numerous aspects of Burrus's life, including the probable effect on Burrus's family if the trial court sentenced her to confinement. The record does not show that trial counsel asked Burrus to write down questions for him or failed to interview the witnesses who testified at punishment, nor is there any explanation in the record why trial counsel did not call expert witnesses to refute the State's witnesses' testimony. These allegations of ineffectiveness are therefore not firmly founded in the record, and Burrus has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable representation. *See Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813. Burrus has also not demonstrated that a reasonable probability exists that her punishment would have been different had trial counsel called expert witnesses to refute the testimony of the State's witnesses. *See Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. Accordingly, these allegations of ineffectiveness fail under the first and second *Strickland* prongs.

12

**F.     Failure to File Motion for New Trial**

Burrus argues that trial counsel was ineffective because he failed to file a motion for new trial. The record shows that the trial court sentenced Burrus on July 19, 2006, and that Burrus's appellate counsel filed a timely motion for new trial on August 18, 2006. *See* TEX. R. APP. P. 21.4(a). Burrus has not shown that she suffered any prejudice because her appellate counsel filed the motion for new trial instead of her trial counsel. Burrus's allegation of ineffectiveness fails under the second *Strickland* prong.

**G.     Cumulative Effect**

Burrus argues that she was denied a fair trial because of the cumulative effect of trial counsel's alleged instances of ineffectiveness. All of Burrus's claims of ineffectiveness considered above, however, fail under either the first or second *Strickland* prong or both *Strickland* prongs. There being no error or cumulative effect of ineffectiveness to accumulate, we cannot conclude that Burrus was denied a fair trial on this ground. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (stating that non-errors may not in their cumulative effect cause error). We overrule Burrus's first issue.

**IV. MOTION FOR NEW TRIAL HEARING**

In her second issue, Burrus argues that the trial court erred by failing to set an evidentiary hearing on her motion for new trial and by allowing the

13

motion for new trial to be overruled by operation of law. The State responds in part that Burrus failed to present her motion for new trial to the trial court. We agree with the State.

A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). However, the trial court is under no requirement to conduct a hearing if the motion for new trial is not presented in a timely manner. *See* TEX. R. APP. P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). The rules of appellate procedure require that "the defendant must present the motion for new trial to the trial court within 10 days of filing it." TEX. R. APP. P. 21.6. Presentment requires a defendant to go beyond simply filing the motion for new trial with the clerk of the trial court; "[t]he presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket." *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). Examples of presentment include obtaining the trial court's ruling on the motion for new trial, the judge's signature or notation on a proposed order, or a hearing date on the docket sheet. *Id*. The defendant bears the burden of ensuring this notation or setting a hearing. *Simpson v. State*, 962 S.W.2d 57, 58 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

14

Here, although Burrus timely filed her motion for new trial, there is no ruling on the motion, no proposed order containing the judge's signature or notation, and no notation on the docket sheet of a hearing date set on the motion. The only suggestions of presentment include a statement in the motion titled, "Certificate of Presentment," and a notation in the docket sheet stating that the motion for new trial was filed on August 18, 2006. This evidence, however, is insufficient to establish presentment under rule 26.1. *See Cozzi v. State*, 160 S.W.3d 638, 641 n.5 (Tex. App.—Fort Worth 2005, pet. ref'd) (stating that docket sheet entry indicating that "motion for new trial filed" is insufficient to show presentment); *Longoria v. State*, 154 S.W.3d 747, 762 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (holding that statement in record—"Notice of Presentment of Motion for New Trial"—is insufficient to show presentment); *Oestrick v. State*, 939 S.W.2d 232, 235 n.5 (Tex. App.—Austin 1997, pet. ref'd) (stating that a self-serving statement by defense counsel, without more, has been held to be insufficient evidence of presentment to the trial court).

We further note that Burrus previously filed an application for writ of habeas corpus pursuant to article 11.07 of the code of criminal procedure and that the court of criminal appeals found that Burrus was entitled to pursue an out-of-time appeal. The effect of granting an out-of-time appeal is that it

15

restores the defendant to the position she occupied immediately after the trial court signed the judgment of conviction. *Mestas v. State*, 214 S.W.3d 1, 4 (Tex. Crim. App. 2007). Since Burrus was returned to a point at which she could give notice of appeal, she was also at a point where she could file a motion for new trial. *See id*. The record indicates that Burrus filed her notice of appeal one day after the court of criminal appeals's mandate issued granting Burrus an out-of-time appeal. Thus, she did not file a motion for new trial and seek presentment of it after being granted an out-of-time appeal, which she could have done. We hold that the trial court did not err by failing to hold a hearing on Burrus's motion for new trial.

Burrus additionally argues that the trial court erred by allowing the motion for new trial to be overruled by operation of law. But a trial court cannot abuse its discretion by denying a motion for new trial by operation of law when the motion was not timely presented. *Longoria*, 154 S.W.3d at 762–63. Thus, the trial court did not err by allowing the motion for new trial to be overruled by operation of law. We overrule Burrus's second issue.

16

## V. FACTUAL SUFFICIENCY—PUNISHMENT

In her third issue, Burrus challenges the factual sufficiency of the evidence underlying her punishmet, arguing that her punishment is so against the great weight and preponderance of the evidence as to be manifestly unjust. A review of the evidence for factual sufficiency is inappropriate with respect to the assessment of the punishment. *See Bradfield v. State*, 42 S.W.3d 350, 351 (Tex. App.—Eastland 2001, pet. ref'd) (declining to perform factual sufficiency review of punishment evidence); *Kanouse v. State*, 958 S.W.2d 509, 510 (Tex. App.—Beaumont 1998, no pet.) (same). Accordingly, we overrule Burus's third issue.

## VI. CONCLUSION

Having overruled all of Burrus's issues, we affirm the trial court's judgment.

DIXON W. HOLMAN
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

PUBLISH

DELIVERED: August 21, 2008

17