# NO. 12-08-00385-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK HEAD,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| | *§* | *JUDICIAL      DISTRICT*<br>*COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Mark Head appeals two convictions for aggravated sexual assault of a child, for which he was sentenced to imprisonment for forty years and fined five thousand dollars on each count. Appellant raises four issues on appeal. We affirm.

### BACKGROUND

Appellant was charged by indictment with two counts of aggravated sexual assault of a child, his girlfriend's seven year old daughter. Appellant pleaded "not guilty" to each count and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged and, following a trial on punishment, assessed Appellant's punishment at imprisonment for forty years and a five thousand dollar fine for each offense. Appellant filed a motion for new trial and requested a hearing thereon. Subsequently, Appellant's attorney sent a letter to the trial court via facsimile requesting that the trial court set a hearing because the motion had been properly presented. This letter was ultimately filed by the district clerk for Smith County. Appellant's motion for new trial was overruled by operation of law; no hearing was conducted. This appeal followed.

### PRESENTMENT OF A MOTION FOR NEW TRIAL

A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. ***Reyes v. State***, 849 S.W.2d 812,

816 (Tex. Crim. App. 1993). However, a defendant does not have an absolute right to a hearing on a motion for new trial, *id.* at 815, and a trial court is under no requirement to conduct a hearing if the motion for new trial is not presented in a timely manner. *See* TEX. R. APP. P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Thus, to obtain a hearing on a motion for new trial, a defendant must present the motion to the trial court within ten days of filing, unless the trial court in its discretion permits the motion to be presented and heard within seventy-five days of the date the court imposes or suspends sentence in open court. TEX. R. APP. P. 21.6; *see Sexton v. State*, 51 S.W.3d 604, 609 (Tex. App.–Tyler 2000, pet. ref'd).

Merely filing a motion for new trial does not satisfy the presentment requirement. *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998). The term "present" means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court. *Id.* at 79. Examples of "presentment" include obtaining the trial court's ruling on the motion for new trial, the judge's signature or notation on a proposed order, or a hearing date on the docket. *Id.*

In the case at hand, the record reflects that Appellant timely filed his motion for new trial. However, there is no ruling on the motion, no proposed order containing the trial judge's signature or notation, and no notation on the docket sheet of a hearing date set on the motion. Appellant argues that the letter faxed by his attorney addressed to the trial judge is sufficient to demonstrate presentment of his motion for new trial. This letter stated, in pertinent part, as follows:

> I am writing in [regard] to the motion for new trial filed in this cause. The defendant would like to develop evidence for the motion for new trial with a hearing on his motion for new trial. We feel that a hearing would be necessary to properly develop the record for an appeal of Mr. Head's conviction. As such, we request that the Court set the Defendant's Motion for New Trial for a hearing at a date convenient with the Court's calendar. I am further requesting that this court set a hearing because this Motion has been properly presented to the Court, which is within 10 day[s] of filing the Motion for New Trial, entitling the Defendant to a hearing.

Despite Appellant's attorney's directing the letter to the trial judge, there is no indication in the record that the trial judge, the court coordinator, or any other particular person received the letter.[1] By all indications, the letter was filed by the district clerk for Smith County in

---

[1] There is no fax confirmation receipt pertaining to this letter in the record.

the same manner as Appellant's motion for new trial or any other pleading or motion. Thus, we conclude that the letter is not sufficient evidence that Appellant presented his motion for new trial to the trial court. *See* **Burrus v. State**, 266 S.W.3d 107, 115 (Tex. App.–Fort Worth 2008, no pet.) (statement in motion for new trial entitled "Certificate of Presentment" not sufficient evidence of presentment); **Longoria v. State**, 154 S.W.3d 747, 762 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (statement in record "Notice of Presentment of Motion for New Trial" insufficient to show presentment); **Oestrick v. State**, 939 S.W.2d 232, 235 n.5 (Tex. App.–Austin 1997, pet. ref'd) (self-serving statement by defense counsel, without more, insufficient evidence of presentment to trial court). Therefore, because Appellant did not meet his burden of proof that he presented his motion for new trial to the trial court, we hold that the trial court did not err in not conducting an evidentiary hearing on Appellant's motion for new trial. Appellant's first issue is overruled.

### IMPROPER JURY ARGUMENT

In his second issue, Appellant argues that the trial court erred in permitting nine instances of improper jury argument by the prosecutor. In order to preserve error for improper jury argument, the appellant must (1) object on specific grounds; (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial. **Harris v. State**, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989). Here, in the two instances in which Appellant did object to the alleged improper argument by the prosecutor, his objections were sustained. However, in each of these instances, Appellant failed to request a curative instruction and move for mistrial. Further, Appellant concedes that he failed to object to the other seven instances of alleged improper prosecutorial argument.

Nonetheless, Appellant contends that "the inflammatory [and] impermissible [argument] was so pervasive that the error became structural error that did not need preservation for those instances where Appellant's [c]ounsel chose not to object." Generally, a party's failure to object at trial waives the error of which he complains on appeal. *See* TEX. R. APP. P. 33.1. However, some error is of such a magnitude as to constitute a "structural defect affecting the framework within which trial proceeds." **Rey v. State**, 897 S.W.2d 333, 344–45 (Tex. Crim. App. 1995). Structural error occurs only when the error strips a defendant of basic protections without which a criminal trial cannot reliably determine guilt or innocence. *See* **id.** at 345.

3

In the instant case, Appellant does not argue that any one instance of allegedly improper prosecutorial argument constituted structural error. Rather, Appellant contends that the sum of the prosecutor's improper arguments caused the error to become "structural" error. However, Appellant has not cited, nor are we aware of, any authority supporting the notion that numerous instances of nonstructural error can be transformed into structural error. *See* TEX. R. APP. P. 38.1(i). Therefore, we hold that Appellant has waived the error, if any, of which he now complains. *See id.*; *Harris*, 784 S.W.2d at 12. Appellant's second issue is overruled.

## RIGHT TO PUBLIC TRIAL

In his third and fourth issues, Appellant argues that he was denied his constitutional and statutory rights to a public trial. Specifically, Appellant contends that "an unknown individual[,] who had authority over the deputies who guard the Smith County [Courthouse], denied Appellant's family [member] access to the courtroom or the courthouse." As a result, Appellant argues that his "family member was not able to observe the trial or support Appellant in the courtroom."

The Sixth Amendment to the Constitution of the United States guarantees an accused the right to a public trial. U.S. CONST. amend. VI; *Addy v. State*, 849 S.W.2d 425, 428 (Tex. App.–Houston 1993, no writ); *see also* TEX. CONST. art. 1, § 10 (Vernon 2007); TEX. CODE CRIM. PROC. ANN. arts. 1.05, 1.24 (Vernon 2005). The due process clause of the Fourteenth Amendment makes this right applicable to trials conducted in state court. U.S. CONST. amend. XIV; *Addy*, 849 S.W.2d at 428. The right to a public trial is one of the few structural requirements identified by the United States Supreme Court where, if the right is improperly denied, the error is exempt from harm analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302 (1991). However, failure to object to the closing of the courtroom will serve to waive the right to a public trial. *See Levine v. United States*, 362 U.S. 610, 619, 80 S. Ct. 1038, 1044, 4 L. Ed. 2d 989 (1960).

Public trials play a fundamental role in guaranteeing a defendant a fair trial. *Addy*, 849 S.W.2d at 428. This right prevents the abuse of judicial power, discourages perjury, encourages unidentified potential witnesses to come forward, and instills in the public the perception that their courts are acting fairly. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569–71, 100 S. Ct. 2814, 2823–24, 65 L. Ed. 2d 973 (1980). The right to a

4

completely open trial is not absolute, however. *Addy*, 849 S.W.2d at 429. Limitations on public attendance may be imposed where they are necessary to protect a state's interest that outweighs the defendant's right to public scrutiny. *Rovinsky v. McKaskle*, 722 F.2d 197, 200 (5th Cir. 1984). But no state's interest, however compelling, can sustain the exclusion of press and public from part of a trial, absent findings of necessity articulated on the record. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-09, 102 S. Ct. 2613, 2619-21, 73 L. Ed. 2d 248 (1982). Before closing a trial, the judge must state on the record his reasons for doing so to inform the public and enable the appellate court an opportunity to review the adequacy of the reasons. *Id.*

In the case at hand, Appellant notes in his brief that he was unaware of his family member's exclusion from the courtroom. Indeed, there is no indication in the record that the trial court or anyone acting at its direction ordered the exclusion of Appellant's family member. As set forth above, a hearing on a motion for new trial is necessary when the matters raised in the motion are not determinable from the record. *See Reyes*, 849 S.W.2d at 816. Here, because the record was silent concerning the exclusion of Appellant's family member from the courtroom, it was imperative that Appellant take the necessary procedural steps to cause the trial court to conduct a hearing. Moreover, the affidavit from Appellant's brother, George Head, in which he stated that a man in a suit and tie along with two uniformed "Smith County Deputies" denied him access to the courtroom, is of no consequence because it is not evidence. *See Stephenson v. State*, 494 S.W.2d 900, 909–10 (Tex. Crim. App. 1973) (affidavit attached to motion for new trial is merely pleading that authorizes introduction of supporting evidence, and not evidence in itself, unless introduced at hearing on motion); *Burrus*, 266 S.W.3d at 112 (affidavits do not become evidence in criminal case until introduced into evidence); *Jackson v. State*, 139 S.W.3d 7, 21 (Tex. App.–Fort Worth 2004, pet. ref'd) (same); *Portillo v. State*, 117 S.W.3d 924, 930 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (same); *see also Coale v. State*, No. 14-07-01033-CR, 2008 WL 4937575, at *4 (Tex. App–Houston [14th Dist.] 2008, no pet.) (mem. op., not designated for publication) (same). Therefore, because Appellant failed to take the necessary steps to ensure that an evidentiary hearing was conducted on his motion for new trial, there is nothing before us to review. Appellant's third and fourth issues are overruled.

## DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 20, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)