IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,881-07; WR-66,881-08






EX PARTE SABRINA BURRUS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NO. C-297-008776-0967745-D AND C-297-008775-0967746 


 IN THE 297TH DISTRICT COURT FROM TARRANT COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bribery and
theft of stolen property by a public servant and sentenced to ten and thirty-five years' imprisonment
respectively. The Second Court of Appeals affirmed her convictions. Burrus v. State, 266 S.W.3d
107 (Tex. App.-Ft. Worth, 2008).

 Applicant contends that her trial counsel rendered ineffective assistance by failing to
interview potential witnesses, failing to investigate the case, failing to inform her of the applicable
punishment ranges for these offenses, failing to discuss or allow her to read the plea papers,
informing her that she would likely receive probation for these offenses, and never informing her of
any other options other than pleading guilty. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 10, 2010

Do not publish