COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                      NOS.  2-09-328-CR

        2-09-329-CR

 

 

KURTIS EVAN KING                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








Appellant
Kurtis Evan King received deferred adjudication community supervision after
pleading guilty in separate cases to theft of a firearm and criminal
mischief.  He appeals from the judgments
adjudicating his guilt and sentencing him to two years=
confinement in each case and asserts in two issues that his counsel provided
ineffective assistance at the revocation hearing.  We affirm.

II. 
Background








Appellant
pleaded guilty to theft of a firearm on August 1, 2008, and the trial court
deferred adjudication and placed him on four years=
community supervision.  On September 22,
2008, Appellant was diagnosed as bipolar and placed on bipolar medication.  On September 26, 2008, the State filed a
petition to proceed to adjudication and filed an amended petition to proceed to
adjudication on November 26, 2008.  The
amended petition alleged that Appellant had violated the terms of his community
supervision by (1) committing the offense of driving under the influence of
alcohol on September 16, 2008, (2) committing the offense of public
intoxication on September 19, 2008, (3) consuming alcohol on September 11, 19,
and 23, 2008, (4) failing to report to his community supervision officer in
October 2008, and (5) failing to pay a supervision fee and restitution in
October 2008.  However, the State
dismissed the amended petition to proceed to adjudication on December 15, 2008,
because Appellant=s community supervision officer
felt that Appellant should be given another chance.  Appellant=s
community supervision officer recommended that Appellant be placed into a
long-term treatment center to combat his substance abuse problems.  The trial court=s order
sending Appellant to a treatment center and modifying the conditions of his
community supervision required that he obey all of the treatment center=s rules
and regulations. 

Appellant
pleaded guilty to criminal mischief on January 30, 2009, and the trial court
deferred adjudication and placed him on three years=
community supervision.  The terms of
Appellant=s community supervision required
that he successfully complete substance abuse treatment.  

On
February 2, 2009, Appellant entered into a residential treatment program at
Lubbock County Community Corrections Facility. 
A community supervision officer from the treatment center testified that
Appellant violated the treatment center=s rules
on February 8, 2009, by failing to take his medication; on March 19, 2009, by
loaning a compact disc to another resident; on May 28, 2009, by making
inappropriate comments during class; on June 9, 2009, by being involved in a
physical altercation with another resident; and on June 16, 2009, by picking on
another resident and making fun of him. 
The treatment center unsuccessfully discharged Appellant from the
program after the June 16, 2009 rules violation.  After the first two rules violations but
before the last three rules violations, Appellant was taken off of his bipolar
medication by a doctor following an incident in which he fainted and hit his
head. 








The
State filed a petition to proceed to adjudication in both cases on June 18,
2009, alleging that Appellant had violated the terms of his community
supervision by being unsuccessfully discharged from the treatment center.  In addition to the above evidence, the trial
court heard testimony by one community supervision officer that documentation
from counselors and teachers at the facility suggested that Appellant=s
detrimental behavior was not directly related to his medication use and another
community supervision officer that he did not believe Appellant could
successfully complete community supervision. 
After conducting the evidentiary hearing, the trial court found that
Appellant had violated the terms of his community supervision in each case,
adjudicated him guilty of each offense, and sentenced him in each case to two
years=
confinement in state jail, with the sentences to run concurrently.  This appeal followed.

III. 
Applicable Law








To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  See Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).  The second prong of Strickland
requires a showing that counsel=s errors
were so serious that they deprived the defendant of a fair trial, i.e., a trial
with a reliable result.  Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.  In
other words, the appellant must show there is a reasonable probability that,
but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  See id. at 694, 104 S. Ct. at
2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.     

IV. 
Discussion








Appellant
argues that his trial counsel rendered ineffective assistance by failing to
call an expert witness at the revocation hearing to testify that his rule
violations were most likely due to his being taken off of his bipolar
medication and by failing to offer his medical records in a manner that would
ensure their admissibility.  He contends
that he received the maximum sentence in each case but that his sentences would
have been shorter had counsel rendered effective assistance.  However, Appellant has not shown that a
reasonable probability exists that his punishment would have been different had
trial counsel done as he contends she should have.  See Strickland, 466 U.S. at 694, 104
S. Ct. at 2068.








The
record reflects that Appellant told the trial court that he could not blame all
of his violations on not taking his medication, that Appellant committed two
rules violations while taking his medication, and that Appellant used drugs and
alcohol while on community supervision both before and after taking bipolar
medication.  And although Appellant=s
counsel did not solicit testimony from an expert witness concerning the effect,
if any, of Appellant=s medication on his behavior,
Appellant=s counsel did present evidence
through Appellant, his mother, and his grandfather that Appellant is happy,
more stable, and family oriented when taking his medication and irritable,
edgy, and Aanxiety ridden@ when
not taking his medication.[2]  Moreover, at the motion for new trial
hearing, the trial court received the letter from Appellant=s doctor
opining that Appellant=s failure to complete the
treatment program Awas directly related to his
being taken off the medication that had been stabilizing his mood,@ but the
trial court denied Appellant=s motion
for new trial.  Thus, Appellant has not
shown that there is a reasonable probability that, but for counsel=s
alleged unprofessional errors, the result of the proceeding would have been
different.  See Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; see also Burrus v. State, 266 S.W.3d
107, 114 (Tex. App.CFort Worth 2008, no pet.)
(overruling claim of ineffective assistance for failure to demonstrate
reasonable probability of different punishment had counsel acted
differently).  We overrule each of
Appellant=s issues.    

V. 
Conclusion

Having
overruled each of Appellant=s two
issues, we affirm the trial court=s
judgments.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER, MCCOY, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellant does not
explain how the admission of his medical records might have led the trial court
to assess a lesser sentence.