

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS. 2-09-328-CR
2-09-329-CR

KURTIS EVAN KING                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Kurtis Evan King received deferred adjudication community supervision after pleading guilty in separate cases to theft of a firearm and criminal mischief. He appeals from the judgments adjudicating his guilt and sentencing him to two years' confinement in each case and asserts in two

---

[1] *See* Tex. R. App. P. 47.4.

issues that his counsel provided ineffective assistance at the revocation hearing. We affirm.

## II. Background

Appellant pleaded guilty to theft of a firearm on August 1, 2008, and the trial court deferred adjudication and placed him on four years' community supervision. On September 22, 2008, Appellant was diagnosed as bipolar and placed on bipolar medication. On September 26, 2008, the State filed a petition to proceed to adjudication and filed an amended petition to proceed to adjudication on November 26, 2008. The amended petition alleged that Appellant had violated the terms of his community supervision by (1) committing the offense of driving under the influence of alcohol on September 16, 2008, (2) committing the offense of public intoxication on September 19, 2008, (3) consuming alcohol on September 11, 19, and 23, 2008, (4) failing to report to his community supervision officer in October 2008, and (5) failing to pay a supervision fee and restitution in October 2008. However, the State dismissed the amended petition to proceed to adjudication on December 15, 2008, because Appellant's community supervision officer felt that Appellant should be given another chance. Appellant's community supervision officer recommended that Appellant be placed into a long-term treatment center to combat his substance abuse problems. The trial court's order sending Appellant

to a treatment center and modifying the conditions of his community supervision required that he obey all of the treatment center's rules and regulations.

Appellant pleaded guilty to criminal mischief on January 30, 2009, and the trial court deferred adjudication and placed him on three years' community supervision. The terms of Appellant's community supervision required that he successfully complete substance abuse treatment.

On February 2, 2009, Appellant entered into a residential treatment program at Lubbock County Community Corrections Facility. A community supervision officer from the treatment center testified that Appellant violated the treatment center's rules on February 8, 2009, by failing to take his medication; on March 19, 2009, by loaning a compact disc to another resident; on May 28, 2009, by making inappropriate comments during class; on June 9, 2009, by being involved in a physical altercation with another resident; and on June 16, 2009, by picking on another resident and making fun of him. The treatment center unsuccessfully discharged Appellant from the program after the June 16, 2009 rules violation. After the first two rules violations but before the last three rules violations, Appellant was taken off of his bipolar medication by a doctor following an incident in which he fainted and hit his head.

3

The State filed a petition to proceed to adjudication in both cases on June 18, 2009, alleging that Appellant had violated the terms of his community supervision by being unsuccessfully discharged from the treatment center. In addition to the above evidence, the trial court heard testimony by one community supervision officer that documentation from counselors and teachers at the facility suggested that Appellant's detrimental behavior was not directly related to his medication use and another community supervision officer that he did not believe Appellant could successfully complete community supervision. After conducting the evidentiary hearing, the trial court found that Appellant had violated the terms of his community supervision in each case, adjudicated him guilty of each offense, and sentenced him in each case to two years' confinement in state jail, with the sentences to run concurrently. This appeal followed.

## III. Applicable Law

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App.

4

2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, the appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

## IV. Discussion

Appellant argues that his trial counsel rendered ineffective assistance by failing to call an expert witness at the revocation hearing to testify that his rule violations were most likely due to his being taken off of his bipolar medication and by failing to offer his medical records in a manner that would ensure their admissibility. He contends that he received the maximum sentence in each case but that his sentences would have been shorter had counsel rendered effective assistance. However, Appellant has not shown that a reasonable

5

probability exists that his punishment would have been different had trial counsel done as he contends she should have. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The record reflects that Appellant told the trial court that he could not blame all of his violations on not taking his medication, that Appellant committed two rules violations while taking his medication, and that Appellant used drugs and alcohol while on community supervision both before and after taking bipolar medication. And although Appellant's counsel did not solicit testimony from an expert witness concerning the effect, if any, of Appellant's medication on his behavior, Appellant's counsel did present evidence through Appellant, his mother, and his grandfather that Appellant is happy, more stable, and family oriented when taking his medication and irritable, edgy, and "anxiety ridden" when not taking his medication.[2] Moreover, at the motion for new trial hearing, the trial court received the letter from Appellant's doctor opining that Appellant's failure to complete the treatment program "was directly related to his being taken off the medication that had been stabilizing his mood," but the trial court denied Appellant's motion for new trial. Thus, Appellant has not shown that there is a reasonable probability that, but for counsel's alleged

---

[2] Appellant does not explain how the admission of his medical records might have led the trial court to assess a lesser sentence.

6

unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064; *see also Burrus v. State*, 266 S.W.3d 107, 114 (Tex. App.—Fort Worth 2008, no pet.) (overruling claim of ineffective assistance for failure to demonstrate reasonable probability of different punishment had counsel acted differently). We overrule each of Appellant's issues.

## V. Conclusion

Having overruled each of Appellant's two issues, we affirm the trial court's judgments.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2010