

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00261-CR

| | | |
|---|---|---|
| William Jason Taylor | § | From the 396th District Court |
| | § | of Tarrant County (1204597D) |
| v. | § | December 13, 2012 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00261-CR

WILLIAM JASON TAYLOR        APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant William Jason Taylor pleaded guilty to the offense of stalking, a third-degree felony carrying with it a statutory punishment range of two to ten years' incarceration. *See* Tex. Penal Code Ann. § 42.072 (West Supp. 2012), § 12.34 (West 2011). After a sentencing hearing, the trial court assessed punishment at eight years' confinement. In his sole point on appeal, Taylor complains that the trial court abused its discretion by failing to grant or hold a

---

[1]*See* Tex. R. App. P. 47.4.

hearing on his motion for new trial. Specifically, Taylor contends that the trial court should have granted his motion predicated on his argument that the eight-year sentence constituted "cruel and unusual punishment." Because Taylor failed to present his motion for new trial to the trial court, we will affirm.

Following the sentencing hearing, Taylor filed a motion for new trial. The trial court did not grant a hearing on his motion for new trial, and it was overruled by operation of law. *See* Tex. R. App. P. 21.8(c). We review the trial court's decision to grant or deny a motion for new trial under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App.), *cert. denied*, 534 U.S. 855 (2001). We must not substitute our judgment for that of the trial court; rather, we review the trial court's decision to determine whether it was unreasonable or arbitrary. *Id.*

A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). But the trial court is under no requirement to conduct a hearing if the motion for new trial is not presented in a timely manner. Tex. R. App. P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). A defendant must present the motion for new trial to the trial court within ten days of filing it. Tex. R. App. P. 21.6. The purpose of the presentment rule is "to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a

hearing on it." *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (quoting *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998)).

Examples of presentment include obtaining the trial court's ruling on the motion for new trial, the judge's signature or notation on a proposed order, or a hearing date on the docket sheet. *Carranza*, 960 S.W.2d at 79; *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.). The defendant bears the burden of presentment; he must ensure such a notation on a proposed order or a setting of a hearing. *Burrus*, 266 S.W.3d at 115. The filing of a motion for new trial alone is not sufficient to show presentment. *Stokes*, 277 S.W.3d at 21.

Here, Taylor timely filed his motion for new trial, but there is no ruling on the motion, no proposed order containing the trial judge's signature or notation, and no notation on the docket sheet of a hearing date set on the motion. *See Carranza*, 960 S.W.2d at 79; *Burrus*, 266 S.W.3d at 115.

In short, the record does not reflect that Taylor presented his motion for new trial to the trial court, and in fact, he does not argue on appeal that he did present his motion for new trial. *See Stokes*, 277 S.W.3d at 21; *Carranza*, 960 S.W.2d at 78 (stating that appellant failed to "present" motion for new trial because nothing in the record showed that the trial court was put on actual notice of the motion). Thus, because Taylor did not present his motion for new trial to the trial court, we hold that the trial court did not abuse its discretion by not granting or otherwise conducting a hearing on his motion for new trial. *See*

4

*Carranza*, 960 S.W.2d at 78–79 (stating that a trial court should not be reversed on appeal on a matter never brought to the trial court's attention).  We overrule Taylor's sole point, and we affirm the trial court's judgment.


                                        BILL MEIER
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 13, 2012