02-11-261-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00261-CR

 

 









 
 
 William
 Jason Taylor
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court
  
 of
 Tarrant County (1204597D)
  
 December
 13, 2012
  
 Opinion
 by Justice Meier
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00261-CR

 

 


 
 
 William Jason Taylor
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
William Jason Taylor pleaded guilty to the offense of stalking, a third-degree
felony carrying with it a statutory punishment range of two to ten years’
incarceration.  See Tex. Penal Code Ann. § 42.072 (West Supp. 2012),
§ 12.34 (West 2011).  After a sentencing hearing, the trial court assessed
punishment at eight years’ confinement.  In his sole point on appeal, Taylor
complains that the trial court abused its discretion by failing to grant or
hold a hearing on his motion for new trial.  Specifically, Taylor contends that
the trial court should have granted his motion predicated on his argument that
the eight-year sentence constituted “cruel and unusual punishment.”  Because
Taylor failed to present his motion for new trial to the trial court, we will
affirm.

Following
the sentencing hearing, Taylor filed a motion for new trial.  The trial court
did not grant a hearing on his motion for new trial, and it was overruled by
operation of law.  See Tex. R. App. P. 21.8(c).  We review the trial
court’s decision to grant or deny a motion for new trial under an abuse of
discretion standard.  Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.),
cert. denied, 534 U.S. 855 (2001).  We must not substitute our judgment
for that of the trial court; rather, we review the trial court’s decision to
determine whether it was unreasonable or arbitrary.  Id.

A
defendant has a right to a hearing on a motion for new trial when the motion
raises matters that cannot be determined from the record.  Reyes v. State,
849 S.W.2d 812, 816 (Tex. Crim. App. 1993).  But the trial court is under no
requirement to conduct a hearing if the motion for new trial is not presented
in a timely manner.  Tex. R. App. P. 21.6; Rozell v. State, 176 S.W.3d 228,
230 (Tex. Crim. App. 2005).  A defendant must present the motion for new trial
to the trial court within ten days of filing it. Tex. R. App. P. 21.6.  The
purpose of the presentment rule is “to put the trial court on actual notice
that a defendant desires the trial court to take some action on the motion for
new trial such as a ruling or a hearing on it.”  Stokes v. State, 277
S.W.3d 20, 21 (Tex. Crim. App. 2009) (quoting Carranza v. State, 960
S.W.2d 76, 78 (Tex. Crim. App. 1998)).

Examples
of presentment include obtaining the trial court’s ruling on the motion for new
trial, the judge’s signature or notation on a proposed order, or a hearing date
on the docket sheet.  Carranza, 960 S.W.2d at 79; Burrus v. State,
266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.).  The defendant bears
the burden of presentment; he must ensure such a notation on a proposed order
or a setting of a hearing.  Burrus, 266 S.W.3d at 115.  The filing of a
motion for new trial alone is not sufficient to show presentment.  Stokes,
277 S.W.3d at 21.

Here,
Taylor timely filed his motion for new trial, but there is no ruling on the
motion, no proposed order containing the trial judge’s signature or notation,
and no notation on the docket sheet of a hearing date set on the motion.  See
Carranza, 960 S.W.2d at 79; Burrus, 266 S.W.3d at 115.

In
short, the record does not reflect that Taylor presented his motion for new
trial to the trial court, and in fact, he does not argue on appeal that he did
present his motion for new trial.  See Stokes, 277 S.W.3d at 21; Carranza,
960 S.W.2d at 78 (stating that appellant failed to “present” motion for new
trial because nothing in the record showed that the trial court was put on
actual notice of the motion).  Thus, because Taylor did not present his motion
for new trial to the trial court, we hold that the trial court did not abuse
its discretion by not granting or otherwise conducting a hearing on his motion
for new trial.  See Carranza, 960 S.W.2d at 78–79 (stating that a trial
court should not be reversed on appeal on a matter never brought to the trial
court’s attention).  We overrule Taylor’s sole point, and we affirm the trial
court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 13,
2012









[1]See Tex. R. App. P. 47.4.