

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00251-CR

BILLY CLAY WADE            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one issue, appellant Billy Clay Wade appeals his life sentence for criminal mischief, arguing that the sentence is disproportionate to his crime. Because appellant forfeited his complaint by failing to raise it in the trial court, we affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

A Parker County grand jury indicted appellant with committing third-degree-felony criminal mischief.[2]  Specifically, appellant's indictment alleged that he had destroyed air conditioning units by removing their copper wiring, which had caused between $20,000 and $100,000 in damage.  Before trial, the State filed a document asserting that upon appellant's conviction, his sentence could be enhanced because he had already been convicted of several other felonies.

Appellant filed several pretrial motions, chose the jury to assess his punishment if convicted, and pled guilty.  The jury heard evidence and arguments related to appellant's punishment, convicted him (as instructed by the trial court), and assessed the punishment at confinement for life.[3]  Appellant did not ask to poll the jury.  When the trial court asked him whether there was any reason that the sentence should not be imposed, he responded that there was no reason.

Appellant filed a notice of appeal and a motion for new trial.  In the motion, he argued that his sentence was disproportionate to his crime and was unconstitutionally cruel and unusual.  The motion was overruled by operation of law.[4]

---

[2]*See* Tex. Penal Code Ann. § 28.03(a)(1), (b)(5) (West 2011).

[3]Appellant pled true to the State's enhancement allegations.  The jury found those allegations to be true, so appellant faced a punishment range of twenty-five years' confinement to confinement for life.  *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2013).

[4]*See* Tex. R. App. P. 21.8(a), (c).

## The Forfeiture of Appellant's Issue

Appellant contends only that his life sentence is disproportionate to his offense, in which he damaged a church's air conditioning system in an apparent attempt to steal copper. He argues that the sentence violates his federal and state constitutional rights,[5] but he admits that he did not raise such complaints in the trial court. He also concedes that this court has "consistently held that proportionality complaints are forfeited when there is no complaint during the trial or in a subsequent motion for new trial." Our precedent confirms this concession. *See Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no pet.) ("Pollock did not object to his sentence at the time it was imposed nor complain about it in a motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level."); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d

---

[5]*See* U.S. Const. amend. VIII (prohibiting the imposition of cruel and unusual punishment); Tex. Const. art. I, § 13 (same).

252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Complaints concerning the proportionality of a sentence to the circumstances of an offense are subject to forfeiture unless they are timely raised in the trial court. *See Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced.").

For purposes of preservation under rule of appellate procedure 33.1, a motion for new trial raises a sentencing issue only when the record shows that the motion was presented to the trial court. *See* Tex. R. App. P. 21.6; *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Washington v. State*, 271 S.W.3d 755, 756 (Tex. App.—Fort Worth 2008, pet. ref'd) (mem. op.). Presentment requires a defendant to go beyond simply filing the motion for new trial with the clerk of the trial court; the presentment "must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket." *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.) (mem. op.).

Appellant did not object to his sentence upon its pronouncement in open court although the trial court distinctly asked him and his counsel whether they had anything to say in response to the sentence. His motion for new trial contained a one-sentence argument concerning proportionality. He certified that he served this motion on the State, but neither the motion nor the remainder of the record establishes that he presented the motion to the trial court or that the

4

trial court otherwise became aware of it. Thus, based on rule of appellate procedure 33.1(a) and our precedent cited above, which we decline to abandon, we hold that appellant did not timely raise a sentence-proportionality complaint in the trial court. Thus, we conclude that he forfeited that argument for appellate review. *See* Tex. R. App. P. 33.1(a). We overrule appellant's only issue.

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 27, 2014